## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Helen Anemone, Carlos Perez, Veronica | ) | |
| Aguirre, Evangelina Martinez, Melisa | ) | Case No. 19-cv-3205 |
| Magana, Gabriela Mendoza, Maria de San | ) | |
| Juan Cajigas, Maria Ruiz, Divine Igiraneza, | ) | |
| Silvia Martinez, Ruth Ali | ) | |
| | ) | |
| Plaintiffs, *on behalf of themselves and* | ) | |
| *Others similarly situated* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Interstate Management Company, LLC, | ) | |
| dba HyattCentric Chicago and  Does 1-3, | ) | |
| | ) | Jury demanded |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Helen Anemone, Carlos Perez, Veronica Aguirre, Evangelina Martinez, Melisa Magana, Gabriela Mendoza, Maria de San Juan Cajigas, Maria Ruiz, Divine Igiraneza, Silvia Martinez, Ruth Ali, ("Plaintiffs"), through their attorneys, Lopez  & Sanchez, LLP for their Complaint against Interstate Management Company, LLC and  Does 1-3, (collectively "Defendants"), states as follows:

## INTRODUCTION

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the

Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for failure to

pay overtime for all hours worked in excess of forty (40) hours in a workweek, for failing to

provide break periods and for failing to provide lunch or discounting excessive time for lunch

breaks and failure to pay all earned wages for all time worked when due.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3.   At all relevant times herein, Plaintiffs Helen Anemone, Carlos Perez, Veronica Aguirre, Evangelina Martinez, Melisa Magana, Gabriela Mendoza, Maria de San Juan Cajigas, Maria Ruiz, Divine Igiraneza, Silvia Martinez, and Ruth Ali resided in and were domiciled within this judicial district.

4.      At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA, IMWL, and IWPCA within this judicial district.

5.      At all relevant times herein, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6.      During the course of their employment, Plaintiffs worked for Defendants in their business performing mostly housekeeping duties at the Hyatt Centric Hotel located at 100 West Monroe Avenue in Chicago.

7.      At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8.      Defendants have had two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

9.      Defendant Interstate, is a Limited Liability Corporation organized under the laws of the State of Delaware, which runs the Hyatt Centric hotel at 100 W. Monroe in Chicago and otherwise conducts business within this judicial district. Defendant Interstate is an "enterprise"

2

as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10.     At all relevant times herein, Defendant Interstate, was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

11.     Defendants Does 1 and 2, were Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.* were involved in the day to day business operation of Defendant Interstate.  Defendants had the authority to hire and fire persons employed by Defendant Interstate, including Plaintiffs; the authority to direct and supervise the work of Defendant Interstate employees; the authority to sign on Defendant Interstate's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12.     Plaintiffs worked various schedules from Monday through Sunday, from 8:00 a.m. until 4:30 p.m. for six of seven days per week for a total of 48 scheduled hours.

13.     Plaintiffs have been employed within the last three years from the filing of this lawsuit, although some have worked there for longer.

14.     During the course of their employment Plaintiffs have been systematically denied the two 15 minute breaks they are entitled to under Illinois law.  The work load assigned by Interstate's managers was such that they could not take the breaks.

15.     Similarly, Plaintiffs rarely if ever took the half hour lunch break that they were due.

16.     Although required to punch in and out for lunch if they punched out for less than a half hour, Interstate managers would deduct a full 30 minutes for their lunch.

3

17.     Plaintiffs could not usually take more than fifteen minutes for lunch as they could not finish cleaning rooms assigned to clean if they took the full half hour.

18.     Nevertheless, when Plaintiffs customarily did take breaks shorter than a half hour, Defendants subtracted the full half hour from their time on a daily basis.

19.     Plaintiffs have executed consent to sue letters, which are attached to this complaint as an exhibit.

## CLASS AND COLLECTIVE ALLEGATIONS

**Fair Labor Standards Act**

20.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Counts I and II of this action are maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.* Count I and II allege a willful violation of the FLSA and seek an additional, third year of limitations and seek liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiffs seek to send Notice to all similarly situated employees who have been denied proper compensation, as required by 29 USC Section 216(b) and supporting case law.

**Illinois Minimum Wage Law**

21.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count III of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendants in the State of Illinois.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages

22.     Plaintiffs incorporate and re-allege paragraphs 1 through 22 of this Complaint as though fully set forth herein.

4

23.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay all wages to Plaintiffs that they were due.

24.     During the course of Plaintiffs' employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

25.     During the course of Plaintiffs' employment with Defendant, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

26.     Plaintiff worked for six days a week more than 8 hours per day but were only paid for 8 hours of work.

27.     Plaintiffs were supposedly allowed to take a half hour for lunch, but would be reprimanded if they were taking "too long."

28.     When Plaintiffs routinely clocked out for 15 minute for lunch, Defendants deducted a full half hour from each shift for lunch even though Plaintiffs did not take a full half hour due to their work load.

29.     Plaintiffs also routinely were denied two fifteen minute breaks to which they were entitled – the work load made it impossible to take these breaks and finish by the time management expected them to be done with their assigned rooms.

30.     Pursuant to 29 U.S.C. §206, Plaintiffs were entitled to be compensated at a rate of $10.00 per hour for all time worked less than forty (40) hours from July 1, 2015 – June 30, 2016, at 1

31.     $10.50 for work performed between July 1, 2016 – June 30 , 2017, $11.00 per hour for work performed after July 1, 2017 and $12.00 per hour for work performed after July 1, 2018.

32.     By failing to allow Plainitffs the two breaks and by deducting more time than Plaintiffs spent for lunch, Defendants failed to pay Plaintiffs the minimum wage for all time worked violated the FLSA, 29 U.S.C. § 206.

5

33.     Defendant willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked in individual work weeks.

34.     Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' willful failure to pay the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

     WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

     A. A judgment in the amount Plaintiffs' regular rate for all time Plaintiffs worked up to forty (40) hours per week;

     B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are  found to be due and owing;

     C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

     D. Such other and further relief as this Court deems appropriate and just.

6

**COUNT II**
**Violation of the Fair Labor Standards Act - Overtime Wages**

35.    Plaintiffs incorporate and re-allege paragraphs 1 through 35 of this Complaint as though fully set forth herein.

36.    This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

37.    During the course of Plaintiffs' employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

38.    During the course of Plaintiffs' employment with Defendant, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

39.    Plaintiff worked for six days a week, more than 8 hours per day, but were only paid for 8 hours of work.

40.    Plaintiffs were supposedly allowed to take a half hour for lunch, but would be reprimanded if they were taking "too long."

41.    When Plaintiffs routinely clocked out for 15 minute for lunch, Defendants deducted a full half hour from each shift for lunch even though Plaintiffs did not take a full half hour due to their work load.

42.    Plaintiffs also routinely were denied two fifteen minute breaks to which they were entitled – the work load made it impossible to take these breaks and finish by the time management expected them to be done with their assigned rooms.

43.    Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

7

44.     Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times her hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

45.     Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46.     Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Illinois Minimum Wage Law-Overtime Wages

47.     Plaintiffs reallege and incorporate paragraphs 1-47 as if set forth herein.

48.     This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq*., for failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

49.     During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

8

50.     During the course of Plaintiffs' employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

51.     Plaintiff worked for six days a week more than 8 hours per day but were only paid for 8 hours of work.

52.     Plaintiffs were supposedly allowed to take a half hour for lunch, but would be reprimanded if they were taking "too long."

53.     When Plaintiffs routinely clocked out for 15 minute for lunch, Defendants deducted a full half hour from each shift for lunch even though Plaintiffs did not take a full half hour due to their work load.

54.     Plaintiffs also routinely were denied two fifteen minute breaks to which they were entitled – the work load made it impossible to take these breaks and finish by the time management expected them to be done with their assigned rooms.

55.     Pursuant to 820 ILCS 105/4(a), Plaintiffs were entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

56.     Defendants did not compensate Plaintiffs at the rate of one and one half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

57.     Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

58.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

        WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

9

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and

punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.


Respectfully submitted,

/s/    Jorge Sanchez
One of Plaintiff's attorneys


Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784


Dated: May 12, 2019